**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**(PENSACOLA DIVISION)**

S. BRIAN KIM and HYEWON KIM

    Plaintiffs,

v.

                                          CASE NO.: 3:14-CV-069

DESTINY BY THE SEA OWNERS ASSOCIATION, INC., a Florida not for profit corporation,

    Defendant.

**DEFENDANT'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF MOTION TO DISMISS**

Defendant, DESTINY BY THE SEA OWNERS ASSOCIATION, INC., through its undersigned counsel, hereby files *CCB, LLC v Banktrust*, 552 Fed. Appx. 963 (11th Cir. 2014) (copy attached) and *Reese v. Damato,* 44 Fla. 692, 33 So. 462 (1902) in support of Defendant's Motion to Dismiss [Doc 8].

                                          BECKER & POLIAKOFF, P.A.
                                          Attorneys for Defendant
                                          348 Miracle Strip Parkway, SW
                                          Paradise Village, Suite 7
                                          Fort Walton Beach, FL 32548
                                          Telephone: (850) 664-2229
                                          Facsimile: (850) 664-7882

                                          By:   */s/ Leslie D. Sheekley*
                                                 Leslie D. Sheekley
                                                 Florida Bar No. 499064
                                                 For the Firm
                                                 **PRIMARY EMAIL:**
                                                 LSheekley@bplegal.com
                                                 **SECONDARY EMAIL:**
                                                 AWaters@bplegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been furnished to all parties of record via the Electronic Court Filing system on this 2nd day of July, 2014.

By: */s/ Leslie D. Sheekley*
Leslie D. Sheekley

ACTIVE: 5936622_1

**552 Fed.Appx. 963**
**This case was not selected for publication in the Federal Reporter.**
**Not for Publication in West's Federal Reporter.**
**See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Eleventh Circuit Rules 36-2, 36-3. (Find CTA11 Rule 36-2 and Find CTA11 Rule 36-3)**
United States Court of Appeals,
Eleventh Circuit.

CCB, LLC, A Florida Limited Liability Company, Charles B. Barniv, Cynthia Barniv, Bruce G. Witkind, Plaintiffs–Appellants,
v.
BANKTRUST, An Alabama Banking Corporation, Defendant–Appellee.

No. 13–12756   |   Non–Argument Calendar.   |   Jan. 17, 2014.

**Synopsis**
**Background:** Borrower and guarantors filed suit against lender based on claim that they were defrauded and for alleged violations of federal and state racketeering and lending laws. The United States District Court for the Northern District of Florida, 2013 WL 2181107, dismissed complaint on res judicata grounds, and plaintiffs appealed.

**Holding:** On rehearing, the Court of Appeals held that Florida court judgment entered for lender on borrower's and guarantors' claims that they were defrauded by lender was res judicata, for purposes of instant action asserting same claims arising out of same transaction, even if appeal from Florida judgment was pending.

Affirmed.

West Headnotes (1)

**[1]**   **Judgment**
   Pendency of action or proceeding for review

Florida court judgment entered for lender on borrower's and guarantors' claims that they were defrauded by lender was res judicata for purposes of borrower's and guarantors' subsequent action in federal court in which they alleged same claim that they were defrauded and claims of alleged violations of federal and state racketeering and lending laws, even if appeal from judgment was pending in Florida appellate court.

Cases that cite this headnote

**Attorneys and Law Firms**

**\*964** Jeffrey B. Jensen, Mitchell Francis Stevens, Jensen Bartlett & Schelp, LLC, Saint Louis, MO, John N. Ledbetter, Ledbetter & Associates, PL, Destin, FL, for Plaintiffs–Appellants.

George Moore Walker, Paul T. Beckmann, Hand Arendall, LLC, Mobile, AL, for Defendant–Appellee.

Appeal from the United States District Court for the Northern District of Florida. D.C. Docket No. 3:10–cv–00228–LC–EMT.

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

**Opinion**

**ON PETITION FOR REHEARING**

PER CURIAM:

BankTrust petitions for rehearing of our earlier opinion in which we vacated the dismissal of a complaint filed against BankTrust by CCB, LLC, Charles and Cynthia Barniv, and Bruce Witkind. The district court dismissed the complaint based on res judicata following a judgment entered by a Florida court involving the same parties and the same financial transaction. We concluded that the decision of the Florida court, which was pending on appeal, was not a final judgment and did not bar the complaint that CCB, the Barnivs, and Witkind had filed in the district court. BankTrust cites in its petition Florida

precedent holding that a state court judgment has preclusive effect notwithstanding a pending appeal. *See Reese v. Damato,* 44 Fla. 692, 33 So. 462 (1902). After a careful review of the petition and the record in this case, we grant the petition for rehearing filed by BankTrust, vacate our original decision issued on December 4, 2013, and substitute the following opinion.

CCB obtained a loan from BankTrust that was secured with guarantees from the Barnivs and Witkind. After CCB defaulted on the loan, BankTrust filed in a Florida court an action to foreclose on property purchased by CCB and to obtain judgments against CCB, the Barnivs, and Witkind. CCB, the Barnivs, and Witkind answered that they had been induced fraudulently to obtain the loan.

CCB, the Barnivs, and Witkind filed a complaint in the district court that repeated their allegations about being defrauded by BankTrust and alleged that BankTrust had violated federal and state **\*965** racketeering and lending laws. The district court stayed the action in deference to the ongoing proceedings in the Florida court. *See Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 818–19, 96 S.Ct. 1236, 1247, 47 L.Ed.2d 483 (1976). We affirmed. *CCB, LLC, v. BankTrust,* 438 Fed.Appx. 833 (11th Cir.2011).

In March 2013, the Florida court entered summary judgment against CCB, and CCB appealed to the Florida District Court of Appeals. While that appeal was pending, the district court lifted its stay and dismissed the complaint filed by CCB based on res judicata.

We review *de novo* a dismissal based on res judicata. *Lozman v. City of Riviera Beach, Fla.,* 713 F.3d 1066, 1069 (11th Cir.2013). "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1296 (11th Cir.2001). "In considering whether to give preclusive effect to state-court judgments under res judicata ..., the federal court applies the rendering state's law of preclusion." *Lozman,* 713 F.3d at 1074 n. 6 (quoting *Cmty. State Bank v. Strong,* 651 F.3d 1241, 1263 (11th Cir.2011)).

Under Florida law, a judgment entered by a court of competent jurisdiction has preclusive effect notwithstanding a pending appeal. The Supreme Court held in *Reese v. Damato* that an appeal does not affect the preclusive effect of a prior judgment unless an appellate court "tries the case *de novo.*" 44 Fla. at 698, 33 So. at 464. When the appellate court, "upon the record upon errors assigned, [exercises its] power to affirm, reverse, or modify the judgment appealed from, or to enter its own judgment upon the case made by the record alone," that "does not have the effect of suspending or annulling the effect of the judgment from which it was taken so as to d[i]vest such judgment of its force as an estoppel." *Id.* at 699, 33 So. at 464; *see Fla. Dep't of Transp. v. Juliano,* 801 So.2d 101, 105 (Fla.2001) ("[A] judgment rendered by a court of competent jurisdiction, on the merits, is a bar to any future suit between the same parties or their privies upon the same cause of action, so long as it remains unreversed." (quoting *McGregor v. Provident Trust Co.,* 119 Fla. 718, 162 So. 323, 327 (1935))).

The district court correctly dismissed the complaint of CCB based on res judicata. The judgment of the Florida court barred CCB from relitigating the same controversy in the district court. The judgment "not only bar[red] issues that were raised [in the state court case], but it also preclude[d] consideration of issues that could have been raised but were not raised in [that] case." *Juliano,* 801 So.2d at 105.

We **AFFIRM** the dismissal of the complaint filed by CCB.